Dear Mayor Spillers:
In your opinion request of June 21, 1977, you asked whether you could still serve as mayor of the Town of Chatham while residing outside the town limits.
R.S. 33:384 states, "The mayor shall be a qualified elector of the municipality, and he must have been a resident of the parish for two years." This statute, however, does not address itself to the circumstances of a mayor moving from the municipality after his election.
The old 1921 Constitution of Louisiana, Article VIII, Section 13, mandated that the office of mayor would become vacant if the incumbent moved his residence outside the town. However, this provision was not carried forward when the 1974 constitution was adopted.
Presently, the only applicable constitutional provision is Article X, Section 28 of the 1974 Constitution which defines a "vacancy" as follows:
 A vacancy, as used in this Constitution, shall occur in the event of death, resignation, removal by any means, or failure to take office for any reason.
In the recent case of Williamson v. Village of Baskin, La. App., 339 So.2d 474, the Second Circuit Court of Appeals interpreted this provision. The Court said, "The fact of change of residence may, ipso facto, automatically give grounds for having an office declared vacated and the officer removed, but it cannot be said that the office is vacated until such is declared by a court or other authorized official or governing body." The Supreme Court denied writs.
Hon. H. Alton Spillers, Jr. Opinion No. 77-932 June 24, 1977 *Page 2 
On the basis of the Williamson decision and an application of R.S. 33:384, we are of the opinion the office of mayor will not automatically become vacant upon your moving outside the city limits. You may continue to serve your term as Mayor of Chatham as long as your office is not declared vacant. Any time after you move outside of town the town council has grounds to declare the office of mayor vacant and proceed with a special election.
It should be noted R.S. 33:384 would prohibit your running for mayor again after you move outside of town.
It is hoped this opinion has answered your question. If we can be of further assistance, please contact us.
Sincerely,
 WILLIAM J. GUSTE, JR ATTORNEY GENERAL
 BY: TOMMY D. TEAGUE STAFF ATTORNEY
TDT:bms
 State of Louisiana DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005 ATTORNEY GENERAL 70804-9005 TEL: (504) 342-7013 FAX: (504) 342-7335
 MAY 12, 1992 OPINION NUMBER 92-262
Mr. Lewis B. Richardson, Alderman OPINION NO. 92-262 Village of Grand Cane 27 ELECTIONS, CANDIDATES, ETC. P. O. Box 82 71 MUNICIPALITIES Grand Cane, Louisiana 71032 77 OFFICERS LSA-R.S. 33:321; R.S. 33:384; R.S. 18:581(1); R.S. 18:602(A); R.S. 18:602(2) (a)
 A vacancy in the office of mayor occurs when he no longer meets the domicile requirements of the office. The Board of Aldermen, as governing body, must timely appoint a qualified person to fill the vacancy. If the unexpired term exceeds one year, the Board of Aldermen must issue a proclamation calling for a special election to fill the vacancy.